IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THE COALITION FOR EQUITY AND EXCELLENCE IN SOUTH CAROLINA HIGHER EDUCATION, an unincorporated ad hoc association, RICHARD McKNIGHT, EVAN WARDLAW, TAYLOR HARDING and ANTHONY SMITH, all in their individual capacities, as a member of the aforementioned Coalition, and as representative members of all individuals similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE STATE OF SOUTH CAROLINA and THE SOUTH CAROLINA COMMISSION ON HIGHER EDUCATION, an agency of the State of South Carolina,<br><br>    Defendants. | Case No.: 3:15-cv-00667-CMC<br><br><br><br><br>PLAINTIFF'S LOCAL RULE 26.03 DISCLOSURES |

COMES NOW the Plaintiff responding to the queries of Local Civil Rule 26.03 and stating as follows:

1. Short statement of the facts of the case: **Under Fordice, the unnecessary duplication of academic programs at historically black institution and non-historically black institutions of higher learning "was part and parcel of the prior dual system of higher education—the whole notion of 'separate but equal' required duplicative**

**programs in two sets of schools—and. . . present unnecessary duplication is a continuation of that practice." Fordice, 505 at 738. Between 1972 to the present, the Defendant State of South Carolina duplicated programs at traditionally white instructions in the state through an unnecessary duplication of academic programs at South Carolina State University. Consequently, South Carolina State University was unable to attract a sufficient number of students, including non-black students, into its academic programs, which caused it not to be able to meet its financial needs.**

2. The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony: **To be determined upon decision of class certification.**

3. The names and subject matter of expert witnesses: **Plaintiff has not named an expert witness at this time.**

4. A summary of the claims or defenses with statutory and/or case citations supporting the same: *Plessy v. Ferguson*, 153 U.S. 537 (1896), 42 U.S.C. § 2000d et. Seq. ("Title VI), *U.S. vs. Fordice*, 505 U.S. 717 (1992), *Brown vs. Board of Education*, 347 U.S. 483 (1954)(decided May 17, 1954).

5. Proposed dates for deadline listed in Local Rule 16.02:

   a) **Exchange of Fed.R. Civ.P.26(a)(2): The parties have mutually agreed on an amended scheduling order.**

   b) **Completion of discovery: to be determined in the Consent Amended Scheduling Order once a decision has been made on class certification.**

6. Special circumstances which would affect the time frames applied in preparing the

scheduling order:   **None.**

7. Additional information requested in the Pre-Scheduling Order or otherwise requested by the assigned judge:   **None at this time.  Plaintiff reserves the right to supplement this response.**

                                          BY: s/Glenn Walters, Sr.
                                          Glenn Walters, Sr., Esq. #6435
                                          Glenn Walters, Attorney at Law, PA
                                          Attorneys for Plaintiff
                                          1910 Russell Street
                                          PO Box 1346
                                          Orangeburg SC 29115
                                          (803) 531-8844 Tel

At Orangeburg, SC                    (803) 531-3628 Fax
May 22, 2015                        Email: glennwalterspa@gmail.com